| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

ROGER LAVOY DODD, §
§
    Petitioner, §
§
*versus* §   CIVIL ACTION NO. 9:23-CV-146
§
DIRECTOR, TDCJ-ID, §
§
    Respondent. §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Roger Lavoy Dodd, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed without prejudice.

    The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo review* of the objections in relation to the pleadings and the applicable law.

    Petitioner complains that he did not receive two economic impact payments under the Coronavirus Aid, Relief, and Economic Security Act. The magistrate judge concluded that as petitioner would not be entitled to be released from prison even if his claim is meritorious, he could not assert his claim in a petition for writ of habeas corpus. In his objections, petitioner states that if he had received the payments, he would have been able to rent a place to stay and been released on parole.

Petitioner's contention that if he had received the economic impact payments he would have been released on parole is speculative.  There is nothing in the record to indicate petitioner has been denied release on parole due to indigency.  In addition, a Texas inmate has no liberty interest in being released on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  As a result, petitioner cannot assert that the failure to release him on parole violated his right to due process.

Petitioner has failed to demonstrate that a finding in his favor would demonstrate that the fact or duration of his confinement is unconstitutional.  Accordingly, he may not assert his claim in a petition for writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 483 (1973).  The dismissal of his petition is without prejudice to his ability to assert his claim in a separate civil action.

## ORDER

Accordingly, the objections filed by petitioner (#3) are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#2) is **ADOPTED**.  A final judgment will be entered dismissing the petition.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the petitioner need not establish that he would prevail on the merits.  Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his claim may be asserted in a petition for writ of habeas corpus is subject to debate among jurists of reason.  The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further.  Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Thus, a certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 4th day of January, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE